# EXHIBIT A

RECEIVED    WEDNESDAY 8/28/2013 6:05:45 PM 10853119

FILED Aug 29, 2013

The Law Offices of
Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 1310
New York, NY 10004
Tel (866) 707-4595 ext. 1004
Fax (866) 460-5541
Stuart.Werbin@gitmeidlaw.com
Attorneys for Plaintiff
    Warren Kocurek

## SUPERIOR COURT OF NEW JERSEY
## LAW DIVISION SPECIAL CIVIL PART
## MIDDLESEX COUNTY

DC-013831-13

| | |
|---|---|
| WARREN KOCUREK,<br><br>Plaintiff<br><br>– against–<br><br>INTEGRITY SOLUTION SERVICES, INC., and GE CAPITAL RETAIL BANK,<br><br>Defendant(s). | Docket No.<br><br>PLAINTIFF'S COMPLAINT |

/s/ Stuart Werbin
Stuart Werbin, Esq.

Plaintiff, complaining of Defendant(s), states as follows:

## COMPLAINT

### Introduction

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### Parties

2. Plaintiff, Warren Kocurek, is an adult residing in Old Bridge, NJ.

3. Defendant INTEGRITY SOLUTION SERVICES, INC., is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 20 Corporate Hills Drive, St. Charles, MO 63301. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant GE CAPITAL RETAIL BANK is located at 950 Forrer Blvd., Kettering, OH 45420.

5. Defendant INTEGRITY SOLUTION SERVICES, INC. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**Factual Allegations**

7. Defendant INTEGRITY SOLUTION SERVICES, INC. ("ISS") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Defendant GE CAPITAL RETAIL BANK ("GE CAPITAL").

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. ISS sent Plaintiff a settlement letter dated June 12, 2013, which referenced Plaintiff's GE CAPITAL account and stated the following: "This letter is to confirm your settlement of the above referenced account for 533.12. This payment must be received in our office by 10/31/13 as we agreed. Upon receipt of this amount, your account will be settled in full.

    YOUR PAYMENTS MUST BE RECEIVED AS AGREED:

    | | |
    |---|---|
    | $50.00 DUE 06/21/2013 | $300.00 DUE 09/27/2013 |
    | $50.00 DUE 07/30/2013 | $83.12  DUE 10/30/2013" |
    | $50.00 DUE 08/29/2013 | |

10. Thus, ISS and GE CAPITAL acknowledged in writing that they had agreed to a settlement with Plaintiff in consideration of five monthly payments which Plaintiff would be required to make.

11. On June 21, 2013, and July 30, 2013, respectively, Plaintiff the first two required timely monthly payments, in accordance with the agreement.

12. ISS and GE CAPITAL accepted and cashed the first of these payments.

13. However, ISS and GE CAPITAL refused to accept the second payment, nor any further payments, despite Plaintiff's attempts to pay.

14. ISS's and GE CAPITAL's reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

15. Additionally, the letter confirming the settlement was false, deceptive, and misleading, in violation of the FDCPA.

16. Defendant ISS knew or should have known that its actions violated the FDCPA. ISS could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

17. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

18. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

### Claims for Relief

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

Both Defendants are liable for monetary damages to Plaintiff for breach of contract and breach of the implied covenant of good faith and fair dealing.

The above contacts between Defendant ISS and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

Defendant ISS violated provisions of the FDCPA, including, but not limited to, the following:

FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt. ISS violated this provision by using false representations in causing Plaintiff to enter into an agreement to settle a debt, an agreement which it intended to breach and did breach.

As a result of the above violations of the FDCPA, ISS is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $15,000 be entered against Defendants for the following:

(a) That judgment be entered against both Defendants for actual damages accrued by Plaintiff as a result of Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing;

(b) That judgment be entered against Defendant ISS for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(c) That judgment be entered against Defendant ISS for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(d) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) That the Court grant such other and further relief as may be just and

proper.

Respectfully submitted,   The Law Offices of Robert S. Gitmeid & Assoc., PLLC
                          Attorneys for Plaintiff
                          Warren Kocurek

                          By: /s/ Stuart Werbin
                              Stuart Werbin, Esq.
                              August 28, 2013

Certification

The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: August 28, 2013        Signature: /s/ Stuart Werbin
                                        Stuart Werbin, Esq.

The Law Offices of
Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 1310
New York, NY 10004
Tel (866) 707-4595 ext. 1004
Fax (866) 460-5541

## Out of State Certification

Stuart Werbin, of full age, hereby certifies as follows:

1. INTEGRITY SOLUTION SERVICES, INC. is located at 20 Corporate Hills Drive, St. Charles, MO 63301.

2. INTEGRITY SOLUTION SERVICES, INC. does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: August 28, 2013        Signature: /s/ Stuart Werbin

The Law Offices of
Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 1310
New York, NY 10004
Tel (866) 707-4595 ext. 1004
Fax (866) 460-5541

## Out of State Certification

Stuart Werbin, of full age, hereby certifies as follows:

1. GE CAPITAL RETAIL BANK is located at 950 Forrer Blvd., Kettering, OH 45420.

2. GE CAPITAL RETAIL BANK does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: August 28, 2013          Signature: /s/ Stuart Werbin